UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10-CV-01735 NAB |
| B & G UTILITIES, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before this Court is Plaintiffs' Motion for Summary Judgment [Doc. 28].  Defendant

has failed to file a response.  Therefore, Plaintiffs' motion is ripe for review.  For the following

reasons, Plaintiffs' Motion for Summary Judgment will be granted.  The parties have consented

to the jurisdiction of the undersigned United States Magistrate Judge in this matter.  Therefore,

this judgment is entered pursuant to 28 U.S.C. § 636(c)(1).

**I.      Background**

This is an action for the collection of delinquent fringe benefit contributions pursuant to the

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132  and Section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  In a complaint filed on

September 15, 2010, Plaintiffs allege Defendant B & G Utilities is bound by collective

bargaining agreements ("Agreements") with Laborers Locals 42-53-110.  Plaintiffs claim

Defendant has failed to abide by the Agreements which require Defendant to make contributions

to the Construction Laborers Welfare, Pension, Training, Vacation and SITE Advancement

Funds (collectively "Laborers Funds"), and to submit monthly contribution report forms.  In addition to the delinquent contributions, Plaintiffs seek, pursuant to the Agreements and ERISA, 20% liquidated damages, interest, attorneys' fees, and payroll examinations costs.

Defendant filed an answer on November 11, 2010.  On November 28, 2011, Defendant's counsel filed a motion to withdraw from the case [Doc. 25].  The motion was granted, and on December 6, 2011, Defendant was ordered to obtain new counsel within 14 days.  On January 3, 2012, Plaintiffs filed a Motion for Summary Judgment and a Memorandum in Support.  On January 5, 2012, this Court again ordered defendant to obtain counsel no later than January 16, 2012.  In addition, the Order stated: "Failure to comply with this Order will result in the Court granting Plaintiffs' Motion for Summary Judgment and entering judgment in favor of the Plaintiffs against Defendant for the relief requested in Plaintiffs' Motion for Summary Judgment."  [Doc. 30].  As of this date, Defendant has failed to comply with the order to obtain counsel and to respond to Plaintiffs' motion.

## II.    Standard

The standard applicable to summary judgment motions is well-settled.  Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir. 1988 )  (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its

favor).  Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on an issue of material fact.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986).  Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence, he or she must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Herring v. Can. Life Assur. Co.,* 207 F.3d 1026, 1029 (8th Cir. 2000).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Herring,* 207 F.3d at 1029 *quoting Anderson,* 477 U.S. at 248.  A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy.  *See Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004).  Self-serving, conclusory statements without support are not sufficient to defeat summary judgment.  *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists.  *Bassett v. City of Minneapolis,* 211 F.3d 1097, 1107 (8th Cir. 2000).

### III.    Discussion

Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached
> a statement of uncontroverted material facts, set forth in a separately numbered

3

paragraph for each fact, indicating whether each fact is established by the record,
and, if so, the appropriate citations.  Every memorandum in opposition shall
include a statement of material facts as to which the party contends a genuine
issue exists.  Those matters in dispute shall be set forth with specific references to
portions of the record, where available, upon which the opposing party relies.
The opposing party also shall note for all disputed facts the paragraph number
from movant's listing of facts.  All matters set forth in the statement of the
movant shall be deemed admitted for purposes of summary judgment unless
specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

In the Memorandum in Support of Summary Judgment, plaintiffs submitted facts with

citations to the record.  In addition, affidavits and exhibits including payroll examination records

and copies of the Agreements at issue were attached to the memorandum.  Defendant however,

has not met the requirements of Local Rule 4.01(E) because defendant did not respond to

Plaintiffs' statement of facts.  Defendant also failed to provide the Court with a statement of

material facts as to which it contends a genuine dispute exists.

As a result, for purposes of this motion, defendant is deemed to have admitted all facts

which were not specifically controverted. *See Deichmann v. Boeing Co.,* 36 F.Supp.2d 1166,

1168 (E.D. Mo. 1999); *see also Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 579 (8th Cir.

2006) (district court did not abuse its discretion in deeming facts set forth in moving party's

summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely

response was filed); *Ridpath v. Pederson,* 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did

not controvert defendant's statement of material fact, it was deemed admitted under E.D. Mo.

Local Rule 4.01(E)).

The Court therefore, makes the following findings:

Plaintiffs, Greater St. Louis Construction Laborers Welfare Fund ("Welfare Fund"),

Construction Laborers Pension Trust of Greater St. Louis ("Pension Trust"), St. Louis Vacation

Fund-Vacation Plan ("Vacation Fund"), and AGC - Eastern Missouri Laborers Joint Training

Fund ("Training Fund") are employee benefits plans within the meaning of §§ 3(1), (2)(A) and

(3), 502, and 515 of ERISA, as amended, 29 U.S.C. §§1002(1), (2)(A), and (3), 1132 and 1145.

Compl. ¶¶ 1-4.  The trustees of the Welfare Fund, Pension Fund, Vacation Fund, and Training

Fund are duly designated and acting trustees of the various funds and are fiduciaries within the

meaning of §§ 3(21)(A), 502 of ERISA, as amended, 29 U.S.C. §§1002(21)(A) and 1132.  *Id.*

Local Union Nos. 42, 53  and 110, Laborers International Union of North America, AFL-CIO

("Union") are labor organizations representing employees in an industry affecting commerce

within the meaning of §§ 2(4), (5), (6) and (7) of the National Labor Relations Act, as amended,

29 U.S.C. §§ 152(4), (5), (6) and (7) and section 301 of the National Labor Relations Act of

1947, as amended, 29 U.S.C § 185.  Compl. ¶ 5.  Defendant B & G Utilities is a Missouri limited

liability corporation and is an employer in an industry affecting commerce within the meaning of

§§3(5), (11), (12) and 515 of ERISA, as amended 29 U.S.C. §§1002(5), (11), (12) and 1145 and

§§ 2(2), (6), and (7) of the LMRA of 1947 as amended 29 U.S.C. §§ 152(2), (6) and (7).  Comp.

¶ 6.

Defendant executed Agreements with Laborers Locals 42-53-110 effective from

September 17, 2007 through March 1, 2014.  The Agreements require Defendant to make

contributions to the Laborers Funds and to submit monthly contribution report forms.  The

Agreements require payment of 20% liquidated damages on delinquent contributions, as well as

interest, attorneys' fees, court costs and payroll examination fees if suit is filed to enforce the

Agreements.  The Agreements also authorize the Laborers Funds to audit Defendant's payroll

and related records to determine whether the required contributions have been made.

Plaintiffs' accountants conducted a payroll examination of Defendant's books and records for the period of September 17, 2007 through December 31, 2010.  The examination reflects that Defendant owes $36,944.78 in delinquent contributions, $7,389.00 in liquidated damages and $467.15 in interest.  Plaintiffs also incurred payroll examination fees of $1,067.00, attorneys' fees of $2,989.50 and court costs of $678.50.

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)     the unpaid contributions,
(B)     interest on the unpaid contributions,
(C)      an amount equal to the greater of -
        (i)     interest on the unpaid contributions, or
        (ii)    liquidated damages provided for under the plan in an amount not in excess
                of 20 percent (or such higher percentage as may be  permitted under
                Federal or State law) of the amount determined by the court
                undersubparagraph (A),
(D)     reasonable attorney's fees and costs of the action, to be paid by the
        defendant, and
(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Tax Code.

This provision and the Agreements entitle the Plaintiff-fiduciaries to unpaid contributions, liquidated damages, interest, costs, and reasonable attorneys' fees.  *Contractors, Laborers, Teamsters and Eng'rs Health and Welfare Plan v. Hroch*, 757 F.2d 184 (8th Cir. 1985); *Landy Packing Co. v. Meatcutters*, 471 F. Supp. 1218 (D. Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980).  Based on the evidence presented, the Court finds plaintiffs are entitled to $36,944.78 in delinquent contributions, $7,389.00 in liquidated damages, $467.15 in interest

$1,067.00 in payroll examination fees, and court costs of $678.50.  Plaintiffs also requested $2,989.50 in attorneys' fees.  An affidavit supporting the attorneys' fees request was attached to the Memorandum in Support of the Motion for Summary Judgment.  The request detailed the hours worked and the billing rates.  The Court has reviewed this evidence and finds the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case and that the rates charged were reasonable.  Therefore, the total amount owed by Defendant to Plaintiffs is $49,535.93.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment is **GRANTED**

**IT IS FURTHER ORDERED** that Plaintiffs shall recover from Defendant B & G Utilities Thirty-Six Thousand Nine Hundred Forty Four Dollars and Seventy-Eight Cents ($36,944.78) in delinquent contributions; Seven Thousand Three Hundred Eighty-Nine Dollars ($7,389.00) in liquidated damages; Four Hundred Sixty-Seven Dollars and Fifteen Cents ($467.15) in interest; One Thousand Sixty-Seven Dollars ($1,067.00) in payroll examination fees;  Six Hundred Seventy-Eight Dollars and Fifty Cents ($678.50) in court costs; and Two Thousand Nine Hundred Eighty-Nine Dollars and Fifty Cents ($2,989.50) in attorneys' fees, for a total of Forty-Nine Thousand Five Hundred Thirty-Five Dollars and Ninety-Three Cents ($49,535.93).

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 6th day of April, 2012.

     /s/ Nannette A. Baker            
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

7